Cecil S. LUNA, Appellant,

v.

Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.

No. 19188.

United States Court of Appeals Fifth Circuit.

April 25, 1962.

Earl Luna, McCulloch, Ray, Rembert, Luna & Trotti, Dallas, Tex., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Michael I. Smith, Atty., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Robert L. Waters, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, Jr., U. S. Atty., Dallas, Tex., Joseph McElroy, Jr., Asst. U. S. Atty., Ft. Worth, Tex., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

WISDOM, Circuit Judge.

This appeal is the twin to Stevens v. United States, 302 F.2d 158. Both cases involve the application of the cabaret tax imposed by Sections 4231 and 4232 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 4231, 4232. The appellant in this suit owns and operates the New Bridgeport Club in Dallas, Texas. He seeks a refund of taxes assessed against him for the period July 1 through September 30, 1957. At the trial below the district Court directed a verdict for the Government. We affirm.

The New Bridgeport Club features a large dance floor and a western swing band. The dance floor, twenty-five feet by sixty-five feet, is surrounded on three sides by tables and chairs with a total seating capacity of 500 persons. The hall has no kitchen facilities, but it does have a bar. Six or seven waitresses serve soft drinks, beer, set-ups, and other refreshments. During the taxable period in question the appellant's revenues from the sale of refreshments totaled $11,534 (60.8 per cent of his total receipts); the cost of the refreshments was $9,141. The remainder of his revenues came from the sale of admission tickets amounting to $7,447 (39.2 per cent). The Club is open for business on Wednesdays and Fridays from 6:30 P.M. to midnight, on Saturdays from 6:30 P.M. to 1:00 A.M. Sunday morning, and on Sundays from 2:30 P.M. to midnight. A string band plays music for dancing from 8:45 P.M. until

closing on Wednesdays, Fridays, and Saturdays, and from 4:00 P.M. until closing on Sundays. At other times a coin-operated record player is available.

To support his contention that the cabaret tax is inapplicable, the appellant relies on the testimony of several patrons that they go to the New Bridgeport Club to *dance* and that the refreshments are not important to them. We are not impressed with the weight of the testimony of a few selected patrons. An entertainment place of this sort inherently presents varying appeals to different customers. Some may wish only to dance; some may wish only to sit at the tables and enjoy the refreshments; others will both dance and drink. An evaluation of a dance hall or other place of entertainment to determine the applicability of the cabaret tax must be made on the basis of its overall operation. Unless the testimony of the witnesses relates to the activities of all the patrons, it is not particularly useful. A more accurate indication of the nature of the operation may be obtained from various objective facts —the sources of its revenue, the relation between its seating capacity and the number of customers usually present, its hours of operation, and the hours when a band provides dance music. Looking to such factors as these, this case falls squarely within principles stated in Stevens. The proportion of revenues from the sale of refreshments, 60.8 per cent, is very large. The seating capacity, while often not sufficient to accommodate the entire crowd, presumably is large enough to accommodate most of the customers even when the crowd is large. And, the New Bridgeport Club was open for two and a quarter hours on Wednesdays, Fridays, and Saturdays and for an hour and a half on Sundays *before* the band started to play, when the principal attraction must have been merely the sale of set-ups and refreshments. These facts point unmistakably to the conclusion that during much of the time and to many of the customers the sale of refreshments was an important part of the attractions at the New Bridgeport Club and, as a matter of law, was more than "merely incidental" to its facilities for dancing.

The judgment is

Affirmed.